## DOW *v.* THE IRASBURGH NATIONAL BANK OF ORLEANS.

*Jurisdiction of State Courts of Suits against National Banks for Usury.*

In assumpsit against a national bank to recover money paid as usury, *held*, on motion to dismiss, that the state courts have jurisdiction.

GENERAL ASSUMPSIT. The plaintiff filed specifications, claiming to recover from the defendant, a corporation organized under the general banking laws of the United States, $120 paid to the defendant for usurious interest on notes, drafts, checks, and bills of exchange, during the six years next preceding the date of the writ.

The defendant moved to dismiss, for that the court had not jurisdiction; and the court, at the February Term, 1877, REDFIELD,

J., presiding, *pro forma*, sustained the motion, and rendered judgment for the defendant ; to which the plaintiff excepted.

*W. D. Crane*, for the plaintiff.

It was error to grant the motion. The County Court, under the laws of the United States, had full jurisdiction of the case. Rev. Sts. U. S., s. 5198 ; Sts. U. S. 2d Sess. 1874–5, c. 80.

*W. W. Grout* and *L. H. Thompson*, for the defendant.

The judgment dismissing the action for want of jurisdiction is correct. The District Courts of the United States are given the jurisdiction of cases where national banks are parties. Rev. Sts. U. S. s. 563, clauses 1, 15. Section 57 of the National Banking Act, which attempted to confer jurisdiction on State courts in suits brought against national banks to recover the penalty for taking usurious interest named in s. 30 of the same act, is unconstitutional. Congress has no authority to confer upon State courts jurisdiction in suits to recover penalties for violation of the laws of the United States. 10 Am. Law Rev. 777–9 ; 1 Kent. Com. 397, 399, 402, 403 ; 2 Story Const. ss. 1755, 1756.

The opinion of the court was delivered by

BARRETT, J. This is an action of assumpsit in the common counts. It is not questioned that State courts would have jurisdiction in this form of action where national banks are parties, for causes of action arising *ex contractu* in business transactions. So far as the cause of action set forth in the declaration is concerned, there is no ground for the motion. The specification shows that recovery is sought for money paid to the bank as interest in excess of six per cent. It is therefore claimed that the State court had not jurisdiction, and that, for such recovery, the jurisdiction is exclusive in the Federal courts. Whatever might be true in this respect if the suit had been brought to recover the forfeiture of twice the amount of interest thus paid, counting on the U. S. Rev. Sts. s. 5198,* in the

* See *Hade* v. *McVay*, 31 Ohio St., abstracted in 17 Am. Law Reg. N. S. (July 1878) 476–7.—REPORTER.

case in hand the plaintiff does not sue for the forfeiture, but only for the excess above six per cent. The claim is not for a penalty, nor does the suit partake of the character of a penal action. The suit is the same that would be brought to recover money paid as usury under the law of Vermont, which provides that the taking of usury shall subject the taker to a suit and recovery for the excess above six per cent. This case, therefore, does not fall within either constitutional or statutory provision, by. which exclusive jurisdiction is given to the Federal courts of all matters of crime arising upon and under the Constitution and the laws of Congress. Moreover, s. 75 of the Banking Act of June 3, 1864, c. 106, continued in force by c. 80 of the act of February 18, 1875, expressly confers jurisdiction on State courts of suits, actions, and proceedings against any association under said banking law, if such courts would have jurisdiction of similar cases under State laws. The County Courts of Vermont have jurisdiction of suits and proceedings for the recovery of money paid as usury. So that this case is within the terms and intent of that act of Congress.            •

We have the note of a case in 4 Am. Law Times, 139, in which the Supreme Court of Maryland, in 1877, held that the State Court has such jurisdiction, and that the penalties and forfeitures of which exclusive jurisdiction is given to the Federal courts by s. 711 of Rev. Sts. U. S., contemplates only those penalties and forfeitures of a public nature which may be sued for by the Government, or some person in its behalf.

In *Steadman* v. *Redfield*, 2 Am. Law Times, 624, the Supreme Court of Tennessee, in 1874, decided that the national currency act does not prevent an action in a State court against a national bank, to recover an amount usuriously received in violation of State laws.

In 1st *Nat. Bk. of Whitehall* v. *Lamb*, 50 N. Y. 95, and in *Bank* v. *Hale*, 59 N. Y. 53, it was held that national banks are subject to the usury laws of the States in which they are located, and that the penalty of the State laws may be enforced in the State courts. In *Cook* v. *Nat. Bk. of Boston*, 52 N. Y. 96, it was held that a Massachusetts national bank may be sued in a

New York State court, while in *Central Nat. Bk.* v. *Pratt*, 115 Mass. 539, it was held that national banks are subject only to the laws of Congress as to usury, and the penalty for it, the jurisdiction of the State courts in that respect is not questioned.

Upon the subjection of national banks to State laws, see 9 Wall. 362, in which it is said : "It is only when State law incapacitates them from discharging their duties to the government, that it becomes unconstitutional."

In view of the act of Congress conferring jurisdiction on the State courts, and of the cases above cited, we have no hesitation in holding that the State courts of Vermont may take and exercise the jurisdiction thus conferred. It is not necessary, in disposing of the motion in this case, to decide the question, whether the banks, as to usury, are subject to State laws, as held in New York, or only subject to Federal laws, as held in Massachusetts ; nor whether, in order to recover the forfeiture, as such, provided in said section 5198 of the Rev. Sts., it would be necessary to count expressly on that section ; nor whether, in the present suit, the right of recovery would be limited to two years next prior to the bringing of the suit; or, on the other hand, whether the money paid to the bank as usury, is to be regarded as having become forfeited on the fact of payment, by reason of being received in violation of law, and so the bank would be holding it without right, and to the use of the party paying it, and therefore it might be recovered in this action at whatever time received within our own statute limitation. Under the motion the only question is, can the action be maintained for any purpose ? For what the plaintiff may recover in the action is to be determined on the trial under legitimate pleadings, and not upon this motion, by anticipation, and with such limited scope of argument as was addressed to us upon the hearing on this bill of exceptions.

The *pro forma* judgment is reversed, and cause remanded.