First National Bank v. Overman.

FIRST NATIONAL BANK OF TECUMSEH, PLAINTIFF IN ERROR, v. LEVI OVERMAN, DEFENDANT IN ERROR.

1. **National Banks:** JURISDICTION. Actions and proceedings against any association under the national banking act may be brought in any state, county, or municipal court, in the county or city in which such association is located, having jurisdiction in similar cases. This applies to a penalty under section 5198 of the United States Rev. Statutes.

2. ——: ——: In such cases the state courts do not exercise a new jurisdiction conferred upon them, but their ordinary jurisdiction derived from their constitution under the state law. Claflin v. Houseman, 93 U. S., 130.

ERROR to the district court for Johnson county. Tried below before BROADY, J.

*T. Appleget & Son,* for plaintiff in error.

*Daniel F. Osgood,* for defendant in error.

MAXWELL, CH. J.

The defendant in error brought an action in the district court of Johnson county, against the plaintiff in error, under Sec. 5198 of the Revised Statutes of the United States, to recover one hundred dollars as a penalty under said section. The plaintiff in error demurred to the petition upon two grounds. First. That the court did not have jurisdiction of the subject-matter. Second. That the petition did not state facts sufficient to constitute a cause of action. The demurrer was overruled and judgment for one hundred dollars rendered in favor of the defendant in error. The only error assigned in this court is the want of jurisdiction of the trial court.

Section 5198 of the Revised Statutes of the United States provides, "That suits, actions, and proceedings against any

association under this title may be had in any circuit, district, or territorial court of the United States held within the district in which such association may be established, and in any state, county, or municipal court in the county or city in which said association is located, having jurisdiction in similar cases."

This section removes the impediment to the exercise of jurisdiction, created by the act of 1789 [United States Revised Statutes, Sec. 711], and expressly confers jurisdiction on the state courts, as above specified, concurrent with the Federal courts in "suits, actions, and proceedings against any association under the banking act."

The statutes of the United States extend over every state, as a part of its laws, and although exclusive jurisdiction may be given to the Federal courts, yet if it is not so given, either expressly or by necessary implication, the state courts, having competent jurisdiction in other respects, may be resorted to. *Hade v. McVay*, 31 O. S., 236. *Kinsen v. Farmers National Bank*, 13 N. W. R., 59. *Ordiway v. Central National Bank of Baltimore*, 47 Md., 217. S. C., 28 Am. Rep., 455. *Claflin v. Houseman*, 93 U. S., 130. *Gruber v. First National Bank*, 19 Ala. L. J., 137. *Picketts v. Merchants National Bank of Memphis*, 32 Ark., 346. *Dow v. Irasburg National Bank of Orleans*, 50 Vt., 112. S. C., 28 Am. Rep., 493. *Bletz v. Col. National Bank*, 87 Pa. St., 87. 30 Am. Rep., 343.

Authority is therefore expressly conferred on the state courts having jurisdiction in similar cases.

It is very strenuously contended on behalf of the plaintiff in error that congress cannot impose duties on the state courts, and that therefore they had no authority to act in the premises. But congress has not sought to compel the state courts to act in a case like that under consideration, nor has it sought to impose duties upon them. It simply confers the authority; in effect permits them to hear and determine such cases, but without compulsion. 1 Kent's

Com., 400. The state courts do not exercise a new jurisdiction conferred upon them, but their ordinary jurisdiction derived from their constitution under the state law. *Claflin v. Houseman*, 93 U. S., 130. The state tribunals, therefore, have jurisdiction. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.