SCHUYLER NATIONAL BANK, PLAINTIFF IN ERROR, V. HECTOR C. BOLLONG, DEFENDANT IN ERROR.

1. **Oaths and Affirmations.** A notary public who is clerk of an attorney may administer an oath to verify a pleading prepared by such attorney.

2. **Pleading:** PETITION: NUMBERING CAUSES OF ACTION. Where several causes of action are set forth in a petition without being separately stated and numbered, it is error for the court to overrule a motion of the defendant to require the plaintiff to separately state and number his causes of action. This is a statutory right which, unless the defendant has waived, he may insist upon.

3. ———: ACTION TO RECOVER PENALTY UNDER U. S. LAW. When an action is brought to recover a penalty under sections 5197 and 5198 of the Revised Statutes of the United States, upon the ground of taking, receiving, reserving, or charging a rate of interest greater than is allowed by law, it is necessary to allege in the petition that the act was "knowingly done."

4. ———: ———: JURISDICTION. An action to recover a penalty under section 5198 may be brought in any court in the city or county in which such bank is located having jurisdiction in similar cases.

ERROR to the district court for Colfax county. Tried below before MARSHALL, J.

*E. D. Hodsdon,* for plaintiff in error, on verification of petition, cited: Code, Sec. 118.    *Payne v. Briggs,* 8 Neb., 79.    Stating and numbering causes of action: Code, Sec. 93.    *Brown v. Bank,* 72 Penn State, 209.    Jurisdiction: *Tiffany v. Bank,* 18 Wall., 409.    *U. S. v. Lathrop,* 17 Johns., 4.    *Mo. River Tel. Co. v. Bank,* 74 Ill., 217. Pleading: *Wallace v. Finch,* 24 Mich., 255.

*C. J. Phelps* and *J. A. Grimison,* for defendant in error, on jurisdiction, cited: *First National Bank v. Overman,* 22 Neb., 116.    Pleading: *Bank v. Dearing,* 91 U. S., 29. *Catlin v. Gunter,* 11 N. Y., 376.    *Auburn v. Lewis,* 75 Id., 516.

MAXWELL, J.

This action was brought on the 19th day of March, 1887, by the defendant in error against the plaintiff in error, in the district court of Colfax county, to recover, under sections 5197 and 5198 of the Revised Statutes of the United States, double the amount of interest paid on certain usurious contracts.    On the trial of the cause the court found that the defendant in error had paid to the plaintiff in error the sum of $912$\frac{42}{100}$, and that the same "was usurious, as in said petition alleged."

The court thereupon rendered judgment in favor of the defendant in error and against the plaintiff in error, for the sum of 1,824 and 84-hundreth dollars, being double the amount so as aforesaid charged, taken, and received.

The first ground of error assigned is, the overruling of the motion of the plaintiff in error to strike the petition from the files, on the ground that the record shows "that the affidavit verifying the petition was made before one Clifton C. Sabin, a clerk of C. J. Phelps, one of the attorneys of record in the above entitled action."

Section 118 of the code, as it existed at the time the

verification was made, authorized any person "before whom a deposition" might be taken to administer the oath. The statute does not seem to prohibit a notary in the office of an attorney from administering an oath verifying a pleading prepared by such attorney. The motion, therefore, was properly overruled. In this decision we do not intend to qualify what has been said by the court in *Payne v. Briggs*, 8 Neb., 79, as under our code the verification of a pleading is to a great extent a matter of form.

2d. The petition contains a large number of causes of action. These several causes are not separately stated and numbered, as required by section 93 of the code. The defendant below (plaintiff in error) filed a motion to require the plaintiff below (defendant in error) to separately state and number his causes of action. This motion the court overruled, to which the plaintiff in error excepted, and now assigns the same for error. The motion to separately state and number the causes of action should have been sustained. A large number of the causes of action had accrued more than two years before the bringing of this suit, and had they been separately stated and numbered would have been subject to demurrer. This right the defendant below was deprived of by the ruling of the court. A plaintiff cannot jumble his causes of action together, and in answer to an erroneous overruling of a motion to separately state and number, say that no injury has resulted from such ruling.

Sec. 93 provides, that where the petition contains more than one cause of action, "each shall be separately stated and numbered."

Each cause of action set out in a petition must show that the defendant is liable to the plaintiff upon the matter stated in that count, and where objection is made the plaintiff should be required to file a petition in due form.

3d. Section 5198 of the Revised Statutes of the United States provides, "That the taking, receiving, or reserving

or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid the person by whom it has been paid, or his legal representative, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid, from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred." There is no statement in the petition that the bank knowingly contracted for and received a greater rate of interest than is allowed by law, nor are there other words which are equivalent thereto. The right to recover is made to depend upon this condition, and this court has no right to waive the making of such allegation. The petition, therefore, fails to state a cause of action in that regard.

4th. The plaintiff in error contends that the state courts have no jurisdiction, that being conferred exclusively on the federal tribunals.

In *First Nat. Bank of Tecumseh v. Overman*, 22 Neb., 116, we held that the state courts do have jurisdiction. That decision was rendered after a careful examination of the decisions of the several courts, both state and national, and we believe it to be correct. It will therefore be adhered to. As there must be a new trial, it is unnecessary to consider the other assignments of error.

The judgment of the district court is reversed; and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.