SCHUYLER NATIONAL BANK, PLAINTIFF IN ERROR, V.
NEIL R. BULLONG, DEFENDANT IN ERROR.

1. **Jurisdiction:** PENALTY UNDER U. S. LAWS. The courts of record of the several states have jurisdiction in actions brought under sections 5197 and 5198 of the Revised Statutes of the United States to recover from national banks the penalty for knowingly taking, receiving, reserving, or charging a rate of interest greater than is allowed by law.

2. **Usury.** Where the usurious interest is discounted from the face of the note, the bank can recover only the face of the note less the interest deducted. If the borrower pays the usurious interest in advance he may recover double the interest so paid.

3. **Evidence.** Memoranda to refresh the memory of a witness must have been made up recently after the fact in regard to which he testifies. Memoranda prepared by the attorneys of the witness several months after the occurrence of the facts testified to, such memoranda being prepared from other evidence in possession of the witness, is not admissible to refresh his memory.

ERROR to the district court for Colfax county. Tried below before MARSHALL, J.

*E. T. Hodsdon,* for plaintiff in error.

*C. J. Phelps* and *J. A. Grimison,* for defendant in error.

MAXWELL, J.

On the 15th day of August, 1887, the defendant in error brought an action against the plaintiff in error in the district court of Colfax county, to recover the penalty under sections 5197 and 5198 of the Revised Statutes of the United States, for receiving, etc., usurious interest. On the trial of the cause in the court below judgment was rendered in favor of the defendant in error for the sum of $402\frac{80}{100}$.

The first objection of the plaintiff in error is, that the state courts have no jurisdiction of the subject-matter of the action. This question was before the court in *First Nat. Bank v. Overman,* 22 Neb., 116, and the jurisdiction was sustained. It is said, pp. 116–117 : "Section 5198 of the Revised Statutes of the United States provides, that suits, actions, and proceedings against any association under this title may be had in any circuit, district, or territorial court of the United States held within the district in which such association may be established, and in any state, county, or municipal court in the county or city in which said association is located, having jurisdiction in similar cases."

This section removes the impediment to the exercise of jurisdiction, created by the act of 1789 (United States Revised Statutes, Sec. 711), and expressly confers jurisdiction on the state courts, as above specified, concurrent with the Federal courts, in "suits, actions, and proceedings against any association under the banking act."

The statutes of the United States extend over every state as a part of its laws, and although exclusive jurisdiction may be given to the Federal courts, yet if it is not so given, either expressly or by necessary implication, the state courts, having competent jurisdiction in other respects, may be resorted to.   *Hade v. McVay*, 31 O. S., 236.   *Kinser v. Farmers National Bank*, 13 N. W. R., 59.   *Ordway v. Central National Bank of Baltimore*, 47 Md., 217.   *S. C.*, 28 Am. Rep., 455.   *Claflin v. Houseman*, 93 U. S., 130.   *Gruber v. First National Bank*, 19 Alb. L. J., 137.   *Pickett v. Merchants Nat. Bank of Memphis*, 32 Ark., 346.   *Dow v. Irasburgh Nat. Bank of Orleans*, 50 Vt., 112.   *S. C.*, 28 Am. Rep., 493.   *Bletz v. Col. Nat. Bank*, 87 Pa. St., 87.   30 Am. Rep., 343.

The statute confers authority on the state courts and clothes them with jurisdiction to try cases of this character.   The first objection, therefore, is overruled.

2d.   The second error assigned is, that the court permitted the defendant in error to recover twice the full amount of interest paid by him to the defendant.   The amount of recovery depends upon the provisions of 5198, which declare, "that in case the greater rate of interest *has been paid*, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same."   Under the banking law of February 25, 1863, usury forfeited the entire loan or debt. This, however, was deemed too severe, hence the act of 1864 was passed, which is sections 5197–5198 of the Revised Statutes of the United States.   These sections limit the rate to that "allowed by the laws of the state, territory, or district where the bank is located, and no more," except, etc.

The penalty under the act of 1864, for charging illegal interest, is, "the forfeiture of the entire interest which

the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon." And where the greater rate of interest has been paid, twice the amount thereof may be recovered back by the person paying the same, or his legal representatives. *Hill v. Barre Bank*, 15 Federal Rep., 433. *Crocker v. First National Bank Chetopa*, 3 Cent. Law Journal, 527. *Nat. Bank v. Garlinghouse*, 22 O. S., 492. *Monongahela Nat. Bank v. Overholt*, 96 Pa. St., 329. *Gray v. Bennett*, 3 Met., 522. *Wiley v. Starbuck*, 44 Ind., 298. *Lebanon Nat. Bank v. Karmany*, 98 Pa. St., 65. *Nat. Bank v. Trimble*, 40 O. S., 629. *National Bank v. Dearing*, 91 U. S., 29.

In this case the testimony clearly shows that the defendant in error had paid to the plaintiff in error more than $200 on the usurious contracts set out in the petition. The court, therefore, did not err in rendering a judgment for twice the amount so paid.

3d.   It is claimed that the court permitted the defendant in error to testify from papers called memoranda, prepared for him by his attorneys. The courts are not in entire harmony as to the character of the memoranda from which a witness may refresh his memory. The better rule, however, seems to be that the notes and memoranda should have been made up by the witness at the moment or recently after the fact. If they were made up at the distance of months thereafter, ordinarily they will not be sufficient. In other words, where a party relies upon memoranda to refresh his memory, it must appear that at the time he prepared the memoranda he knew it to be correct, and that from such knowledge, with his memory so refreshed, he is enabled to testify from recollection as to the original facts. Any thing referred to by a witness to refresh his memory must be shown to the adverse party, if so desired, and he may cross-examine the witness thereon, but is not required to put the paper in evidence. *Peck v. Lake*, 3 Lans., 136. *Tibbetts v. Sternberg*,

66 Barb., 201. The memoranda prepared by the attorneys for the defendant in error is not shown to have been of such a character as would have justified the defendant in error to have refreshed his memory from the same. The witness, however, testified almost entirely from his own memory of the events stated, and no prejudicial error seems to have occurred from the partial use of the memoranda.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.