_U S - 1 6 4_

———————

SCHUYLER NATIONAL BANK v. NEIL R. BOLLONG.

[FILED FEBRUARY 18, 1890.]

1. **Pleading**: WORDS AND PHRASES. The words "so as aforesaid paid by the plaintiff to the defendant and by the defendant knowingly contracted for and received from the plaintiff" as used in the petition, *held*, neither redundant, scandalous, nor irrelevant matter in the sense of section 125 of the Code.

2. **National Banks**: USURY: ACTION : WHERE BROUGHT. An action may be brought in any county or district court in the county in which a national banking association is located, having jurisdiction of the amount involved, for a penalty under section 5198 of the Revised Statutes of the United States. (See *First National Bank v. Overman*, 22 Neb., 116.)

3. ——— : ———: PLEADING. A petition containing several causes of action not separately stated and numbered, is not for that reason void; but is susceptible of amendment.

4. ——— : ———: ———: AMENDMENT. Upon the amendment of a petition, where the identity of the causes of action are preserved, and the claim of plaintiff not substantially changed, no new summons need be issued nor served, and the action will be *held* as commenced at the date of the issuance of the summons in the case.

5. ——— : ———: RECOVERY. In an action against a national bank-

ing association, for a penalty under section 5193 of the Revised Statutes of the United States, the plaintiff may recover double the amount of *interest* actually paid, and is not confined to double the amount of *usury* paid.

ERROR to the district court for Colfax county. Tried below before MARSHALL, J.

*E. T. Hodson,* for plaintiff in error, cited, as to the second assignment: *Tiffany v. Nat. Bank,* 18 Wall. [U. S.], 409; *Barnet v. Bank,* 98 U. S., 555; *U. S. v. Chouteau,* 102 Id., 611; *Hubbell v. Gale,* 3 Vt., 266; *Colburn v. Swett,* 1 Metc. [Mass.], 235; *U. S. v. Lathrop,* 17 Johns., [N. Y.], 4; *Teall v. Felton,* 1 Comst. [N. Y.], 537; *Ely v. Peck,* 7 Conn., 239; *Davison v. Champlin,* Id., 244; *Mo. Riv. Tel. Co. v. 1st Nat. Bk.,* 74 Ill., 217; *Francisco v. Gilmore,* 1 Bos. & P. [Eng.], 179; *Woodgate v. Knatchbull,* 2 T. R., 154; 1 Bl., Com., 86; 1 Kent, Com., 397 *et seq.;* as to the third assignment: Code, secs. 19, 62; McNamara, Nullities, sec. 6; *Miller v. McIntyre,* 6 Pet. [U. S.], 61; *Sicard v. Davis,* Id., 124; *Holmes v. Trout,* 7 Pet. [U. S.], 171; *Johnston v. Dist. Col.,* 1 Mackey [D. C.], 427; *Hewit v. Penn. Steel Co.,* 24 Fed. Rep., 370; *Alexander v. Pendleton,* 8 Cranch [U. S.], 462; *Wright v. Hart,* 44 Pa. St., 454; *Trego v. Lewis,* 58 Id., 463; *Williams v. Randon,* 10 Tex., 74; *Wood v. Folsom,* 42 N. H., 70; *Gorman v. Judge,* 27 Mich., 138; *B. & M. R. Co. v. Lancaster Co.,* 4 Neb., 307; *Clark v. O. & S. W. R. Co.,* 5 Id., 318; *McKeighan v. Hopkins,* 19 Id., 33; *Ala. Gt. So. R. Co. v. Smith,* 81 Ala., 229; *Holliday v. Jackson,* 21 Mo. App., 660; as to the fourth assignment: *Marshall v. Vicksburg,* 15 Wall. [U. S.], 146; *National Bank v. Johnson,* 104 U. S., 271; *Hinterminster v. 1st Nat. Bk.,* 64 N. Y., 212; as to the fifth assignment: *Hogg v. Ruffner,* 1 Black [U. S.], 115; *Gruber v. 1st Nat. Bk.,* 87 Pa. St., 465; *In re Wild,* 11 Blatchf. [U. S.], 243; *Shinkle v. 1st Nat. Bk.,* 22 Ohio St., 516; *Wheelock v. Lee,* 64 N. Y.,

247; *Howser v. Melcher,* 40 Mich., 185; *Carpenter v. Vail,* 36 Mich., 226; *Lynch v. Merchants' Nat. Bank,* 22 W. Va., 554.

*J. A. Grimison,* and *C. J. Phelps, contra,* cited: *Johnson v. Jones,* 2 Neb., 136; *Schuyler Nat. Bank v. Bollong,* 24 Id., 825 ; U. S. Rev. Stats., secs. 5197–8.

COBB, CH. J.

The plaintiff in the court below complained of the Schuyler National Bank that on October 3, 1884, he borrowed of the bank $1,200 on his promissory note, due in six months, from which the bank deducted and retained as interest, in advance, for that time, $109.80; that on June 12, 1885, he paid the note in full, and thereby paid to the bank, which knowingly contracted for and received interest thereon at the rate of 18 per cent per annum, a greater rate than is allowed by the laws of this state, and in violation of section 5198 of the Revised Statutes of the United States, which was corrupt and usurious, and occurred within two years prior to this complaint; by reason of which the bank became and was indebted to the plaintiff in $219.60, no part of which has been paid.

II. That on April 6, 1885, the plaintiff renewed his note for said $1,200, due in sixty days, and paid the bank, which knowingly contracted therefor, $37.80 as interest, in advance, for that time, at the rate of 18 per cent per annum, a greater rate than is allowed by the laws of this state, and in violation of section 5198 of the Revised Statutes of the United States, which was corrupt and usurious, and occurred within two years prior to this complaint; by reason of which the bank became and was indebted to the plaintiff in the sum of $75.60, no part of which has been paid.

III. It is further alleged that, under like circumstances, terms, and conditions, on October 16, 1884, the plaintiff borrowed of the bank $800 on his promissory note, due in

six months, from which was retained as interest, at the rate of 18 per cent per annum, $73.20, which note was paid in full on July 18, 1885; by reason of which the bank is indebted to the plaintiff in $146.40, no part of which has been paid.

IV. And on April 16, 1885, he renewed the note for $800, due in ninety days, and paid interest thereon $37.20, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $74.40, no part of which has been paid.

V. And on August 18, 1884, the plaintiff borrowed from the bank $2,000 on his promissory note, due in ninety days, from which was retained as interest, at the rate of 12 per cent per annum, $63, which note was paid in full on June 6, 1885; by reason of which the bank is indebted to the plaintiff in $126, no part of which has been paid.

VI. And on May 16, 1885, he renewed the note for $1,500, as the balance due on the $2,000 loan, due in seven days, and paid interest thereon $7.50, in advance, at the rate of 12 per cent per annum; by reason of which the bank is indebted to the plaintiff in $15, no part of which has been paid.

VII. And on May 26, 1885, he renewed the note for $1,500, due in seven days, and paid interest thereon, $7.50, in advance, at the rate of twelve per cent per annum; by reason of which the bank is indebted to the plaintiff in $15, no part of which has been paid.

VIII. That on November 10, 1884, the plaintiff borrowed from the bank $1,000 on his promissory note, due in 135 days, from which was retained as interest, at the rate of 18 per cent per annum, $69, which note was paid in full on June 15, 1885; by reason of which the bank is indebted to the plaintiff in $138, no part of which has been paid.

IX. And on April 8, 1885, he renewed the note for

$1,000, due in thirty days, and paid interest thereon, $16.50, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $33, no part of which has been paid.

X. And on May 11, 1885, he renewed the note for $1,000, due in twelve days, and paid interest thereon, $7.50, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $15, no part of which has been paid.

XI. And on May 26, 1885, he renewed the note for $1,000, due in seven days, and paid interest thereon, $5, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $10, no part of which has been paid.

XII. And on June 15, 1885, he renewed the note for $1,000, due in seven days, and paid interest thereon $5, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $10, no part of which has been paid.

XIII. That on September 30, 1885, the plaintiff borrowed from the bank $150 on his promissory note, due in thirty days, from which was retained as interest, at the rate of 18 per cent per annum, $2.50, which note was paid in full on November 2, 1885; by reason of which the bank is indebted to the plaintiff in $5, no part of which has been paid.

XIV. And on November 2, 1885, he renewed the note for $150, due in ninety days, and paid interest thereon $7, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $14, no part of which has been paid.

XV. And on February 1, 1886, he renewed the note for $150, due in ninety days, and paid interest thereon $7, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $14, no part of which has been paid.

XVI. And on May 7, 1886, he renewed the note for $150, due in thirty days, and paid interest thereon $2.50, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $5, no part of which has been paid.

XVII. That on January 2, 1886, the plaintiff borrowed from the bank $500 on his promissory note, due in thirty days, from which was retained, as interest, at the rate of 18 per cent per annum, $8.25, which note was paid in full on October 30, 1886; by reason of which the bank is indebted to the plaintiff in $16.50, no part of which has been paid.

XVIII. And on February 1, 1886, he renewed the note for $500, due in thirty-three days, and paid interest thereon $8.25, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $16.50, no part of which has been paid.

XIX. And on March 9, 1886, he renewed the note for $500, due in thirty days, and paid interest thereon $8.25, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $16.50, no part of which has been paid.

XX. And on April 10, 1886, he renewed the note for $500, due in thirty days, and paid interest thereon $8.25, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to plaintiff in $16.50, no part of which has been paid.

XXI. And on May 13, 1886, he renewed the note for $500, due in thirty days, and paid interest thereon $8.25, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $16.50, no part of which has been paid.

XXII. That on January 18, 1886, the plaintiff borrowed from the bank $200, on his promissory note, due in four months, from which was retained as interest, at the rate of 18 per cent per annum, $12.25, which note was paid in

44

full on February 26, 1887; by reason of which the bank is indebted to the plaintiff in $24.50, no part of which has been paid.

XXIII. And on May 21, 1886, he renewed the note for $200, due in ninety days,' and paid interest thereon $9.25, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $18.50, no part of which has been paid.

XXIV. And on August 22, 1886, he renewed the note for $200, due in six months, and paid interest thereon $18.25, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $36.50, no part of which has been paid.

XXV. And on June 9, 1886, he renewed the note for $150, stated in the XVI cause of action, due in thirty days, and paid interest thereon $2.50, in advance, at the rate of 18 per cent per annum; by reason of which the bank is indebted to the plaintiff in $5, no part of which has been paid.

That the several sums so paid to the bank as usurious interest, and by it received as such, amount to $544; by reason of which, and by the violation of the statutes of the United States, the defendant is indebted to the plaintiff in $1,088, and the plaintiff demands judgment.

The defendant answered by a general denial.

There was a trial to the court, a jury being waived, with findings for the plaintiff, and judgment for the amount demanded.

The plaintiff in error brings the cause to this court on sixteen errors, such of which as are discussed in the brief will be considered in the order presented by counsel.

First—That the court below erred in overruling the defendant's motion to "strike from the petition the irrelevant, redundant, and scandalous matter therein."

From the brief of counsel it does not appear that the matter objected to in this motion as irrelevant and scandal-

ous was pointed out by a special designation of the words, and of the line and page of the petition in which they occurred, but by a reference to words of a certain import wherever they were used in the petition, to-wit, (meaning usurious interest), "so as aforesaid paid by the plaintiff to the defendant, and by the defendant knowingly contracted for and received from the plaintiff." These words, embraced in the motion, except that of "aforesaid," were held, in a former opinion of the court in this case (reported in 24 Neb., 821) to be a necessary allegation of the petition, under the statute, and were deemed of sufficient importance to be placed in the syllabus of the report. In regard to the inoffensive adjective "aforesaid," while its common and indiscriminate use in legal proceedings may too frequently have been redundant rather than significant, it does not seem open to that objection in this instance, as it properly specifies the violation complained of, and is not superfluous.

Second — That the court erred in overruling the motion to dismiss the case for want of jurisdiction.

This objection was presented in the original case and overruled, in the decision of 24 Neb., 821, in which the court refer to the previous decision, in the *Bank of Tecumseh v. Overman*, 22 Neb., 116, in which it is held "that the state courts do have jurisdiction of this class of causes," and it was said that the decision was rendered on a careful examination of the decisions of the several state and United States courts, and was believed to be correct. I will add that we have seen no reason to reconsider that decision.

Third — The plaintiff in error contends that the original paper writing in this action, denominated the petition, was duly adjudicated, upon error, in this court; that the same was not a petition, and therefore, notwithstanding the allegations of the amendments, the action was not commenced within the meaning of section 62 of the Civil Code until the filing in the district court of the amended petition

(January 11, 1889) and the appearance of the defendant thereafter.

By reference to the decision, in the case cited, it will appear that the court did not adjudicate that the paper writing was not a petition; but it overruled the motion to strike it from the files for want of legal verification, and held " that the motion to require the plaintiff to separately state and number the causes of action should have been sustained," and the judgment of the court below, overruling such motion, was reversed.

Doubtless there is an abstract rule of reasoning by which it may be contended that a petition which falls short of the requirements of the law is not a petition; but a rule of that severity does not prevail in the interpretation of statutes, and especially of the statute of amendments to pleadings in civil actions, which owes its existence to a necessity for the application of liberal rules in the furtherance of justice.

By reference to the original petition, not of record, but brought up in the bill of exceptions, it appears that the plaintiff, instead of separately stating and numbering the twenty-five causes of action, presented them in seven paragraphs, each embracing two or more causes of action. While this pleading was not sustained when the cause was previously before this court, and would not now be if the question were again presented, it does not follow that the pleading was null, and not susceptible of amendment, but, on the contrary, it was capable of the amendments which were made, obviating the defects complained of.

From an examination and comparison of the amended petition with the original, it does not appear that any new cause of action is set up, but that they are all the same causes of action originally brought, "separately stated and numbered," as required by sec. 93 of the Code, but are the same in fact.    Hence it is held that the amended petition is consubstantial with the original in inception and filing, and that the action was, in law, commenced with the service of

the summons in the case, and that I may not be misunderstood, there was no requirement of an *alias* summons following the amended petition. The case is clearly within the rule "that a party may amend his pleading while he preserves the identity of his cause of action," and "that a court may permit a petition to be amended when the proposed amendment does not change substantially the claim, although the form of the action may be changed." (*Clark v. The O., & S. W. R. R.*, 5 Neb., 318; *McKeighan v. Hopkins*, 19 Id., 34.)

Fourth—This assignment is based upon the proposition that the amount of recovery in the court below is too large; that the defendant in error was permitted to recover twice the full amount of interest found to have been paid, while the recovery should not have been for more than twice the sum taken in excess of the legal rate.

This proposition was considered at the July term of this court, 1888, in the review of the third case of the *Schuyler Natl. Bank v. Bollong*, on error (24 Neb., 825), in which it was held that "where the usurious interest is discounted from the face of the note, the bank can recover only the face of the note less the interest deducted," but "if the borrower pays the usurious interest in advance, he may recover double the interest so paid," which latter provision clearly applies to the condition of payment, and the measure of recovery in this instance. The fourth error is therefore overruled.

Fifth —This error is directed exclusively to the first, third, fifth, and eighth causes of action, and the admission of evidence thereunder, on the ground that the statute of limitations had run against them.

By reference to the amended petition, and the first cause of action stated, it will be seen that the plaintiff alleged that on October 3, 1884, he borrowed $1,200 on his promissory note, due in six months, that the defendant contracted for and retained $109.80, as six months' interest, in ad-

vance, and that on June 12, 1885, he paid the note of $1,200 in full, and thereby paid the defendant, who knowingly contracted for and received, the sum of $109.80 as interest for six months on $1,200.

Now it is clearly the object of the plaintiff in error to contend that this cause of action accrued on October 3, 1884, and not on June 12, 1885, when the interest was actually paid and received on the money borrowed. Howsoever this point should be decided, if in issue and presented, in order to raise the question the record must show that the action was commenced within two years from June 12, 1885, and more than two years after October 3, 1884, which the record does not show, and which leaves the point out of consideration.

Upon one of the points already considered, it was contended that the actions should be held to have commenced with the filing of the amended petition, January 11, 1889; but the court holds otherwise, and we have intimated as the opinion of the court, that notwithstanding the amendments to the original petition, the action was, in law and in fact, commenced with the issuance of the summons to the defendant, and no copy of the writ being set forth, we are without information as to the exact date. This error will not, therefore, be further considered.

The sixth error, as to whether the allegations of the petition, that the defendant "knowingly contracted for and received interest thereon at the rate of 18 per cent per annum," are made out by such convincing proofs of an affirmative character, or by such satisfactory and necessary proofs as are usually required, counsel say they do not care to discuss, and the point will not, therefore, be further considered.

The seventh and eighth assignments appearing to be conclusions merely from predicates overruled, or not established, are to be considered adversely.

Both the legality and the propriety of the judgment of the

court below are the conclusions to which we are conducted by both the letter and spirit of the federal statute, and that judgment will therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.