TRINIDAD ASPHALT MANUFACTURING COMPANY, APPELLANT, V. BUCKSTAFF BROTHERS MANUFACTURING COMPANY, APPELLEE.

FILED JUNE 23, 1914. No. 17,811.

Pleading: AMENDMENT: CAUSE OF ACTION. In an action on contract for the manufacture and sale of an article, an amended petition, which contains the same allegations of the making of the contract and performance by plaintiff, pleads the same cause of action, although it alleges a different breach of the contract by defendant.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. Reversed.

Mockett & Peterson, for appellant.

C. Petrus Peterson, contra.

SEDGWICK, J.

The plaintiff began an action in the district court for Lancaster county to recover the contract price for the manufacture of roofing, and obtained a judgment, which was reversed by this court upon appeal. Trinidad Asphalt

VOL. 96]          JANUARY TERM, 1914.                459

Trinidad Asphalt Mfg. Co. v. Buckstaff Bros. Mfg. Co.

*Mfg. Co. v. Buckstaff Bros. Mfg. Co.*, 86 Neb. 623. It alleged the manufacture and delivery of the roofing according to the contract and asked for the contract price. The record showed that defendant countermanded the order and refused to receive the goods, and the trial court had instructed the jury that the contract price was the measure of damages, and it was held: "Where the seller in an executory contract for the sale of goods which were delivered to a carrier for the buyer receives notice that the buyer will not accept the goods, and, notwithstanding such notice, brings an action against the buyer for goods sold and delivered, it is error to instruct the jury that, if they find for the plaintiff, he is entitled to recover the purchase price of the goods." Upon reversal the court gave leave to plaintiff to amend its petition "to correspond with the facts." An amended petition was filed alleging that defendant refused to receive the roofing, and asking for damages. The defendant demurred on the ground that the petition stated a new cause of action and the statute of limitations had run against it before filing the amended petition. The demurrer was sustained and the action dismissed, and the plaintiff has appealed.

We think the court was in error in sustaining this demurrer. The defendant says in the brief: "The cases lay down various tests to determine whether or not the identity of a cause of action as originally pleaded is maintained in an amended petition. These tests are: (1) Does the same evidence support both petitions? (2) Is the measure of damages the same? (3) Is a judgment as to one a bar as to the other? (4) Is the allegation of each subject to the same defense?"

To recover on either petition, the plaintiff must prove the making of the contract, the full performance on his part, and the refusal of defendant to perform. Precisely the same proof would be required as to the making of the contract and performance by plaintiff. It is true that the proof of defendant's failure to perform would not be precisely the same. But some variance would result from any amendment of the petition. There could never be any

object in making the amendment unless it would admit of additional or different proof. The action is still upon the contract, although the plaintiff alleges a different breach. Because the action after amendment would depend upon the same contract and plaintiff's performance according to its terms, this court upon reversal allowed the amendment. There are many cases discussing the identity of a cause of action after amendment with the cause as stated in the original petition. Some of the older cases seem quite technical, but the best considered modern cases are in harmony with our view in this case. When the claim of plaintiff upon contract is not substantially changed, to allege a different breach of the contract on the part of defendant is not to allege a new cause of action. *Schuyler Nat. Bank v. Bollong*, 28 Neb. 684.

The judgment of the district court is reversed and the cause remanded.

REVERSED.

LETTON and ROSE, JJ., not sitting.