CALENDER *v.* OLCOTT.

Under R. S. 1838, a deputy county clerk need not sign a writ in the name of the clerk. Where it was signed, "W. M., deputy clerk, and in the absence of the clerk," held sufficient.

The under sheriff may act in his own name, and need not sign a return to a writ served by him in the name of the sheriff. R. S. 1838. Were it otherwise, when the writ appears from the return to have been served by a proper officer the return is amendable, and a judgment will not be reversed by reason of the defect.

ERROR to Calhoun Circuit Court.

*H. K. Clarke,* for plaintiff in error.

*Pratt,* for defendant in error.

*By the court,* MILES, J.   The errors assigned are,

First: That the summons by which the suit was commenced, was not signed by the clerk as required by the statute, R. S. 1838, p. 417 sec. 1; and,

Second: That the return of service upon the writ was not made by the sheriff.

The signature to the writ is in these words, " Walter Martin, deputy clerk, and in the absence of the clerk."

There was no appearance by the defendant in the circuit court: and it is now insisted, that the process and the return are both void, and, therefore, that that court proceeded without having acquired jurisdiction of the defendant.

The statute in force when this writ issued, declares, that the county clerk shall appoint a deputy, and in the absence of the clerk from the clerk's office, or from the court, the deputy may, in all things, and with the like effect, perform all the duties of such clerk.   R. S. 1838, p. 45, sec. 39.

It is only upon the happening of a certain contingency, the absence of the clerk, that the deputy has power to act: and then, as the principal is by such absence incapable of acting, his place is supplied by his deputy, with full power to perform *all* the duties of the office.   He is clerk for the time being, and his acts are not so much those of the clerk as his own acts, and hence the express provision of the statute that the clerk shall be answerable for the act of his deputy.

A distinction has been taken between doing an act by an agent and doing it by a deputy, whom the law deems such.   An agent can only bind his principal when he does the act in the name of his principal; but it is said a deputy may do an act and sign his own name, and it binds his principal.   The reason assigned for this distinction, is, that in law the deputy has the whole power of his principal.   Story on Agency, p. 176, n. 1.

This principle would seem to apply well to this case, where the whole

power of the clerk is for the time being vested in the deputy. That the contingency contemplated by the statute had happened, appears from the signature to the writ.

As to the return of the writ, Simonds v. Catlin, 2 Caines' R. 61, has been referred to by counsel for the plaintiff in error. In that case, the doctrine applicable to principal and agent before referred to is expressly laid down. The question there, was, whether a return made by an under sheriff in his own name, upon a writ of *fieri facias*, of a sale of the premises in question by the sheriff in his life time, and who died before the return was made, was an act of the sheriff of which the court would take notice. The statute declared, " that in case of the death of the sheriff of any county, the under sheriff of the same county shall, in all things, execute the office of sheriff of the same county *in the name of the deceased sheriff*;" &c. Laws of New York, edit. of 1807, vol. 1, p. 206, sec. 5. The court very properly determined, that this was not, in pursuance of the statute, a return in the *name of the sheriff*.

At common law, the sheriff is only recognized: his under officers are not known as responsible to the party whose process is placed in the hands of the sheriff for execution.

The under sheriff must act in the name of the high sheriff, because the writs are directed to the high sheriff, and for this paricular reason. Parker v. Kett, 1 Salk. 96.

I fully recognize the objection made by the counsel for the plaintiff, that it is by means of the service and return of this writ, that the circuit court is to acquire jurisdiction of the defendant's person; but this is not like the case of the deputy clerk, who is only authorized to act in a certain particular instance, to wit, in the absence of the clerk—the under sheriff is expressly authorized by statute to execute all writs issued by lawful authority.

The language of the statute is, that " the sheriff and each of his deputies shall serve or execute, according to law, all writs, precepts and orders issued or made by lawful authority, and to him or them directed." R. S. 1838, p. 46, sec. 47.

This would seem to recognize the right of the under sheriff, who is by law made a general deputy, to act in his own name. But if his act is the act of the sheriff, and should so appear in his return, the power to perform the service being conceded, the only question is as to the form of the return.

Calendar *v.* Olcott.

If we are correct in this view, therefore, and if the return is defective for the reason stated, then the only remaining inquiry is, whether this defect renders the proceeding void, or whether it is amendable; the statute having declared, " that no judgment shall be reversed for any defect or imperfection in matter of form, which might by law have been amended. R. S. 1838, p. 462, sec. 22.

As a general rule, in all cases where the defect or mistake is owing to the default of any clerk or officer of the court, an amendment will be allowed. Gr. Pr. 664; 1 Petersd. Ab. 571, 572.

The summons was served by the proper officer: this appears from the return; and the omission is, to add the name of the sheriff in the signature to the return. This would have been permitted on motion in the court below. It is a mere formality, which can be supplied at any time. The substantial thing to confer. jurisdiction upon the court over the person of the defendant, to wit, the service of the summons, in the manner indicated in the statute, has been done.

There appearing, then, to be no error, the judgment must be affirmed.

*Judgment affirmed.*