HENDEE, Receiver, etc., v. CONNECTICUT & P. R. R. Co.

*(Circuit Court, D. Vermont. March 8, 1886.)*

NATIONAL BANK—JURISDICTION OF CIRCUIT COURT—ACT OF 1882—SUIT BY RE-
CEIVER—INJUNCTION.

Plaintiff was appointed receiver of an insolvent national bank in Vermont, and obtained an order from the circuit court for the district of Vermont for the sale of certain bonds pledged to the bank as security for a debt due the bank by defendant railroad company in Canada, which brought suit in the Canadian court to recover the bonds, whereupon plaintiff filed a bill in the circuit court for the district of Vermont for an injunction against the further prosecution of the suit in Canada. *Held,* that the circuit court had jurisdiction, and that the injunction should be granted.

In Equity.
*Albert P. Cross,* for orator.
*John Young,* for defendant.

WHEELER, J. The Vermont National Bank of St. Albans had in its possession $691,000 first mortgage bonds, and $101,000 second mortgage bonds, of the Montreal, Portland & Boston Railroad in Canada, pledged to it to secure the payment of $370,000 due to it, with accrued and accruing interest, and failed, and the orator was appointed its receiver by the comptroller of the currency, under the laws of the United States, and he took possession of its assets, including these bonds, pursuant to his appointment; and he has procured an order of this court, under the laws of the United States, for the sale of the bonds. The defendant claims these bonds, and has brought suit for them, against the orator, in the superior court of Lower Canada, for the province of Quebec, in the district of Montreal. The orator alleges these facts in his bill of complaint, and moves for a preliminary injunction against the further prosecution of the suit in Canada, and this cause has now been heard upon that motion. No answer has been filed, and the allegations of the bill are, for the purposes of this motion, to be taken as true.

The principal ground urged in opposition to the motion is the want of jurisdiction of this court over any suit between the orator and defendant to try the title to these bonds. No question is or could well be made but that this court had ample jurisdiction for that purpose prior to the act of congress of July 12, 1882. By that act it was provided that "the jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations" should "be the same as and not other than the jurisdiction for suits by or against banks not organized under any law of the United States, which do or might do banking business where such national banking associations may be doing business when such suits may be begun." 22 St. c. 290, p. 163, § 4. This court would have no jurisdiction of such a suit as this between a state bank, lo-

cated where this bank was, and the defendant, for they would be citizens of the same state, and there would be nothing in the subject-matter conferring jurisdiction; and it would have had no jurisdiction if this bank had continued business in its own right, and had brought this suit.

It is argued that the receiver has no greater rights than the bank, and merely represents it, and that, therefore, the jurisdiction is the same as and not other than it would have been if the bank, while doing business, had brought the suit. This argument appears well enough founded, to the extent that the receiver stands upon and represents merely the rights of the bank as to the matter in controversy. *Bank* v. *Kennedy*, 17 Wall. 19; *Bank of Bethel* v. *Pahquioque Bank*, 14 Wall. 383. But this does not determine the full meaning of the act of 1882. The purpose of that act appears to be to put national banks, as such, in the same situation as state banks, for the purposes of suing and being sued. No state bank, nor other bank not a national bank, could be in the situation in which this bank is. It is wholly in the hands of the orator, as a receiver, for the purpose of having its affairs wound up, and is not doing and cannot do any business whatever anywhere. It was brought into this condition by proceedings under the laws of the United States. The orator was appointed to his position as receiver by an officer of the United States, and is himself an officer of the United States, and acts as such in bringing this suit. *Stanton* v. *Wilkeson*, 8 Ben. 357; *Price* v. *Abbott*, 17 Fed. Rep. 506. A suit in behalf of a corporation created by act of congress arises under the laws of the United States, although the cause of action itself is founded on the common law or other statutes. *Osborn* v. *Bank of U. S.*, 9 Wheat. 738; *Hughes* v. *Northern Pac. Ry. Co.*, 18 Fed. Rep. 106; *Pacific R. R. Removal Cases*, 115 U. S. 1; S. C. 5 Sup. Ct. Rep. 1113. The right of the orator to sue arises in the same manner. He cannot proceed at all without invoking the aid of laws of the United States.

The act of 1882 appears to take away the right of the bank as such, but not to affect the right of the orator as receiver. He is a receiver to collect the assets, and pay over the money raised from them to the treasurer of the United States, subject to the order of the comptroller, for distribution among the creditors. In matters concerning the sale of property, concerning bad and doubtful debts, and, in some aspects, concerning the appointment of a receiver in the first instance, the courts of the United States have some jurisdiction, in addition to that of the comptroller. Rev. St. §§ 5234, 5237, 629, subd. 11.

The sale of property, and compounding bad and doubtful debts, is remitted to the order of a court of record of competent jurisdiction. That part of section 57 of the banking act of 1864 giving jurisdiction to any state, county, or municipal court having jurisdiction in similar cases was not brought into the Revised Statutes, but was dropped out when the rest of the section giving jurisdiction to the courts of the

United States within the district was brought into section 563, subd. 15, and 629, subd. 11. 13 St. at Large, 116.

The state courts appear to be left with the jurisdiction arising out of the ability to sue and be sued, and without power, over purely administrative proceedings, for the government of officers of the United States, under the laws of the United States. The receivership is an entire thing, provided for, controlled, and regulated by the laws of the United States through the comptroller and the courts of the United States within the district. The defendant is a citizen of the United States, within the district. The suit of the defendant, wholly without the jurisdiction of the receivership, to deprive the receiver of property within, would tend to defeat its object. Such suits are frequently restrained by injunction. High, Inj. §§ 59, 60; *Dehon* v. *Foster*, 4 Allen, 545.

Motion granted.