SCHUYLER NATIONAL BANK v. HECTOR C. BOLLONG.

[FILED MAY 6, 1891.]

1. **Pleading.** A motion filed by the defendants to strike out several words in the plaintiff's petition, *held*, properly overruled.

2. **National Banks:** USURY: JURISDICTION OF STATE COURTS. The courts of record of the state have jurisdiction in actions brought under secs. 5197 and 5198 of the Revised Statutes of the United States to recover from national banks the penalty for knowingly taking, receiving, reserving, or charging a greater rate of interest than is allowed by law.

3. **Review:** RES ADJUDICATA. The questions of law involved in the case were settled in *Schuyler National Bank v. Bollong*, 24 Neb., 821 and 825, and there is no material error in the record.

ERROR to the district court for Colfax county. Tried below before MARSHALL, J.

*E. T. Hodsdon*, for plaintiff in error, cited, on the question of jurisdiction: 1 Bl. Com., 86; *Francisco v. Gil-*

*more,* 1 Bos. and P. [Eng.], 179–80; *Woodgate v. Knatch-bull,* 2 T. R. [Eng.], 154, 155, note; *Blaine v. Curtis,* 3 New Eng. Rep., 469; *Tiffany v. Natl. Bk. of Mo.,* 18 Wall., 409–413; *Barnett v. Muncie Natl. Bk.,* 98 U. S., 555; *Hubbell v. Gale,* 3 Vt., 266; *U. S. v. Chouteau,* 102 U. S., 611; *Maryland v. B. & O. R. Co.,* 44 Id., 534, 547; *Colburn v. Sweet,* 1 Metc. [Mass.], 235; *U. S. v. Lathrop,* 17 Johns. [N. Y.], 4; 1 Kent's Com., 397–9; *Haney v. Sharp,* 1 Dana [Ky.], 442; *Teall v. Felton,* 1 Comst., [N. Y.], 537; *Ely v. Peck,* 7 Conn., 239; *Davison v. Champlin,* Id., 244; *Mo. River Tel. Co. v. First Natl. Bk.,* 74 Ill., 217; *Tiffany v. Natl. Bk.,* 18 Wall. [U. S.], 409.

*C. J. Phelps,* and *J. A. Grimison, contra.*

MAXWELL, J.

This action was brought in the district court of Colfax county to recover the penalties imposed by the United States statutes for knowingly contracting for and receiving usurious interest.

There are thirty-one counts in the petition. The defendant moves to strike out of each of said counts the words "so as aforesaid paid by the plaintiff to the defendant and by the defendant knowingly contracted for and received from the plaintiff;" also "corrupt, usurious, and occurred within two years prior to the commencement of this action," because the same are irrelevant, redundant, superfluous, and scandalous. The motion was overruled and there was no error in overruling the same. Objections were also made to the jurisdiction of the court, it being claimed that the courts of the United States have exclusive jurisdiction in this class of cases. Originally such courts seem to have had exclusive jurisdiction, but many years ago the statute was changed, authorizing the state courts to try such actions. The question has been before this court a number of times and carefully considered, and the jurisdic-

tion of the state courts sustained. The objection therefore is unavailing.

The defendant below in its amended answer alleges:

"First—That the said alleged amended petition was filed in this court on the 11th day of January, A. D. 1889; that on the 19th day of March, A. D. 1887, a certain paper writing was filed in this court which contained the names of the parties herein, which was denominated a petition, and to which other pleadings were filed as required by law, and proceedings and trial were had in this court on said pretended issues so made up as aforesaid, and that the defendant herein afterwards prosecuted a petition in error on said judgment to the supreme court of the state of Nebraska, and at the July, A. D. 1888, term of said supreme court, to-wit, on November 21, 1888, it was, upon consideration by said supreme court, duly adjudged that said paper writing filed on March 19, A. D. 1887, was not a petition and the above mentioned judgment was, by reason thereof, on said 21st day of November, 1888, duly reversed by said supreme court; that each and every cause of action stated in said alleged amended petition did not accrue until two years next before the commencement of this action, and did accrue within two years next before the filing of the amended petition herein, as provided by sections 5197 and 5198 of the Revised Statutes of the United States, under which said causes of action are brought.

"Second—That each and every of the said causes of action stated in said alleged amended petition are new and different causes of action, and are not the identical causes of action stated in said original paper writing, alleged to be a petition and filed herein on March 19, 1887.

"Third—That the first, seventh, eighth, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, nineteenth, twentieth, twenty-third, twenty-fourth, and twenty-fifth causes of action set forth in plaintiff's petition did not accrue to the plaintiff herein alone, but to him and one Neil Bollong, who is still living.

"Fourth—That the second, third, fourth, fifth, sixth, ninth, tenth, and eleventh causes of action set forth in the plaintiff's amended petition did not accrue to the plaintiff herein alone, but to him and one Thomas L. Palmer, who is still living.

"Fifth—That the twenty-ninth cause of action set forth in the plaintiff's amended petition did not accrue to the plaintiff herein, but to him and one Neil R. Bollong, who is still living.

"Sixth—That the thirteenth cause of action set forth in plaintiff's amended petition did not accrue to the plaintiff herein alone, but to him and Thomas L. Palmer and Neil R. Bollong, who are still living.

"Seventh—That it denies each and every allegation in said amended petition contained."

The reply is a general denial.

On the trial of the cause the court was required to make special findings, which it did as follows:

"First—Upon the first cause of action, for the plaintiff $93.

"Second—Upon the second cause of action, for the plaintiff $93.

"Third—Upon the third cause of action, for the plaintiff $139.50.

"Fourth—Upon the fourth cause of action, for the plaintiff $139.50.

"Fifth cause of action withdrawn.

"Sixth—Upon the sixth cause of action, for the plaintiff $99.

"Seventh—Upon the seventh cause of action, for the plaintiff $161.20.

"Eighth—Upon the eighth cause of action, for the plaintiff $57.20.

"Ninth—Upon the ninth cause of action, for the plaintiff $93.

"Tenth—Upon the tenth cause of action, for the plaintiff $93.

"Eleventh—Upon the eleventh cause of action, for the plaintiff $62.

"Twelfth—Upon the twelfth cause of action, for the plaintiff $13.20.

"Thirteenth—Upon the thirteenth cause of action, for the plaintiff $37.20.

"Fourteenth—Upon the fourteenth cause of action, for the plaintiff $13.20.

"Fifteenth—Upon the fifteenth cause of action, for the plaintiff $37.20.

"Sixteenth—Upon the sixteenth cause of action, for the plaintiff $55.26.

"Nineteenth—Upon the nineteenth cause of action, for the plaintiff $21.

"Twentieth—Upon the twentieth cause of action, for the plaintiff $63.

"Twenty-third—Upon the twenty-third cause of action, for the plaintiff $93.

"Twenty-fourth—Upon the twenty-fourth cause of action, for the plaintiff $62.

"Twenty-fifth—Upon the twenty-fifth cause of action, for the plaintiff $48.

"Twenty-seventh—Upon the twenty-seventh cause of action for the plaintiff $3.

"Twenty-eighth—Upon the twenty-eighth cause of action, for the plaintiff $4.80.

"Twenty-ninth—Upon the twenty-ninth cause of action, for the plaintiff $21.

"Thirtieth—Upon the thirtieth cause of action, for the plaintiff $89.58.

Thirty-first—Upon the thirty-first cause of action, for the plaintiff $10.

"The court finds for the plaintiff in all the sum of $1,601.84, the same being double the amount of usurious interest paid by the plaintiff to the defendant, and by the defendant taken and received upon usurious loans made

by the defendant to the plaintiff, as alleged in the above mentioned causes of action.

"The court further finds for the defendant upon the seventeenth, eighteenth, twenty-first, twenty-second, and twenty-sixth causes of action.

"(Signed)                    WILLIAM MARSHALL,
                                          *"Judge."*

As to the request made on the part of the defendant as to questions of fact and conclusions of law, the court finds as to questions of fact as follows :

"First—As to the first request that the amended petition was filed January 11, 1889, but that the same does not set up new causes of action, it only separately states and numbers the causes of action set up in the first or original petition, except the fifth cause of action, which was by the plaintiff withdrawn.

"Second—That the payment of interest set upon the seventh and ninth causes of action were made at the time of the final payment of the sums borrowed, on which such judgments of interest were made.

"Third—That the payments of interest upon the fifth, sixteenth, twenty-fifth, and twenty-eighth causes of action were paid under and in pursuance of the extended original agreement to pay such interest.

"Fourth—That upon the seventeenth, eighteenth, twenty-first, twenty-second, and twenty-sixth causes of action the loans therein set out were made by Sumner Bros., and not by the defendant bank.

"Fifth—That upon the ninth cause of action the loan therein set out was made by the defendant to the plaintiff and not to Bollong & Co.

"As to the conclusions of law the court finds as follows :

"First—That this action, including all the causes of action embraced in the plaintiff's petition, except the fifth, are to be regarded as commenced at the date of the summons served upon the defendant.

" Second—That the seventh and ninth causes of action were not barred by the two years' statute of limitations applicable to this class of actions.

" Third—That the interest paid upon the fifth, sixteenth twenty-fifth, and twenty-eighth causes of action were paid upon the clearly implied extension of the original agreement to pay such interest.

" Fourth—That the interest paid upon the seventeenth, eighteenth, twenty-first,. twenty-second, and twenty-sixth causes of action, being paid to Sumner Bros. for a loan of their money, the defendant is not liable therefor.

" Fifth—That the allegations of the amended petition, except as to the fifth, seventeenth, eighteenth, twenty-first, and twenty-sixth causes of action, are sustained by sufficient evidence."

The questions of law involved in this case were decided in *Schuyler Natl. Bank v. Bollong*, 24 Neb., 821 and 825, and need not be repeated here. The findings of fact appear to be amply sustained by the evidence. In fact the officers of the bank testified frankly, and so far as we can judge, truthfully, in regard to all these transactions, and the findings are mainly predicated upon their testimony.

There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.