| 36 | 199 |
| 39 | 91 |
| 36 | 199 |
| f42 | 693 |
| f42 | 758 |
| 43 | 582 |

FIRST NATIONAL BANK OF DORCHESTER v. BENJAMIN
A. SMITH.

FILED FEBRUARY 1, 1893. No. 4924.

1. **Remedy for Indefinite Pleadings.** Where the allegations of a pleading are indefinite, the remedy is by motion to have the same made more definite and certain.

2. **Action to Recover Penalty for Taking Usurious Interest:** RIGHT OF INSPECTING DEFENDANT'S BOOKS : ORDER FOR INSPECTION : POWER OF COURT. The plaintiff in a civil action made a written demand upon the defendant for an inspection and copy, or permission to take a copy, of certain specified entries in a certain book belonging to, in the possession of,

and under the control of the latter, relating to the merits of the suit, which demand was not complied with within four days. *Held,* That under section 394 of the Code the court in which the action is pending, or the judge thereof in vacation, has the power, on motion and notice to the defendant, to order that an inspection and copy, or permission to take a copy, of such entries shall be given within a specified time, and on a failure of the defendant to comply with such order, the court may exclude the entries from being given in evidence, or if wanted as evidence by the plaintiff, may direct the jury to presume them to be such as the plaintiff by affidavit alleges them to be.

3. ———: LIMITATION. The limitation of two years within which suit may be brought against a national bank, under section 5198 of the Revised Statutes of the United States, for taking usurious interest, begins to run from the time when the usurious interest is paid.

ERROR from the district court of Saline county. Tried below before MORRIS, J.

*F. I. Foss,* for plaintiff in error.

*Abbott & Abbott, contra.*

NORVAL, J.

On the 9th day of February, 1889, Benjamin A. Smith brought his action against the above named bank in the district court to recover the sum of $294.66, as a penalty, under section 5198 of the Revised Statutes of the United States, for knowingly taking and receiving usurious interest for the use and forbearance of money. The bank answered by a general denial. There was a trial to the court, which resulted in a judgment in favor of the plaintiff for $207.64. Each party filed a motion for a new trial. The motions were denied, and both parties prosecute error to this court.

Counsel for the bank insists that the petition is not sufficiently definite and certain to admit of the introduction of any evidence thereunder. This objection must be overruled. The facts constituting the several causes of action

are clearly, and with reasonable certainty, stated in the petition. Besides, no motion was filed in the court below attacking the pleading. Where the averments in a pleading are indefinite, the remedy, under the Code, is by a motion to have the same made more definite and certain. (*Farrar v. Triplett*, 7 Neb., 237; *Deaver v. Bennett*, 29 Id., 812.)

The next point made by the same counsel is that there was no competent evidence before the court below upon which to base a judgment. The only testimony introduced on the trial was the affidavit of Benjamin A. Smith, the plaintiff below, which purports to give the contents of certain portions of the discount register kept by the bank, relating to the various transactions between the bank and Smith in the matter of the payment of usurious interest. The dates and amounts of all such payments are stated. The question presented is, whether the affidavit was proper evidence of what the book referred to contained.

Section 394 of the Code of Civil Procedure provides that "Either party, or his attorney, may demand of the adverse party an inspection and copy, or permission to take a copy, of a book, paper, or document in his possession or under his control containing evidence relating to the merits of the action or defense therein. Such demand shall be in writing, specifying the book, paper, or document with sufficient particularity to enable the other party to distinguish it, and if compliance with the demand within four days be refused, the court or judge, on motion and notice to the adverse party, may, in their discretion, order the adverse party to give the other, within a specified time, an inspection and copy, or permission to take a copy, of such book, paper, or document; and on failure to comply with such order the court may exclude the paper or document from being given in evidence, or, if wanted as evidence by the party applying, may direct the jury to presume it to be such as the party by affidavit alleges it to

be. This section is not to be construed to prevent a party from compelling another to produce any book, paper, or document when he is examined as a witness."

The record in this case shows that on the 20th day of June, 1890, plaintiff below made a written demand upon John C. Thurston, Esq., the cashier of the defendant bank, for an inspection and copy, or permission to take a copy of the entries upon the discount register kept by said bank, showing the amount of interest or discount paid by said Smith to the bank for money borrowed, or for notes discounted by it for him between certain specified dates. The demand not having been complied with within four days, or any other time, plaintiff on the 30th day of June, 1890, previous written notice thereof having been given to the bank, made application to the honorable judge of the district court of the county in which the action was pending, at his chambers in the city of Crete, for an order requiring the bank to give an inspection and copy of said entries in said book, or permission to take a copy thereof, which application was granted by said judge, and the bank was ordered and directed to give plaintiff, within ten days, an inspection and copy, or permission to make a copy of said entries. Although this order was duly served upon the bank on the next day after the same was made, the defendant absolutely failed and refused to comply therewith.

An inspection of the proceedings convinces the writer that the demand, notice, and order allowing an inspection, each with sufficient certainty or particularity described the book desired as to authorize the judge to make the order. It is objected that no fees were tendered by the plaintiff for such copy. None were demanded by any officer of the bank; besides, there is no statutory provision which requires that a party shall either pay or tender fees in order to entitle him to an inspection of a book or paper in the possession of his adversary. The bank was

not required to make a copy of the entries. It was optional with it so to do, or permit the plaintiff to make the copy himself.

It is also claimed that the judge had no jurisdiction to make the order in question in vacation. A sufficient answer to this objection is that the section quoted confers such power. It provides that the "court or judge" may make the order. It is obvious that the plaintiff has in every essential particular complied with all the require-. ments of the statute, so as to entitle him to prove by his own affidavit the contents of the book in question, so far as the same relate to the transactions between the parties. Our conclusion is that the court did not err in allowing plaintiff's affidavit to go in evidence, and that the bank has no just cause to complain of the judgment rendered.

The plaintiff below insists that the judgment should have been for a much larger sum. The evidence discloses that usurious interest to the amount of $103.86 was paid by him to the bank within two years before the commencement of the suit. The recovery was for double said sum. It is also established that the further sum of $88 was paid upon another and distinct loan of money, as illegal interest, more than two years prior to the inception of the action, but that the loan upon which said usurious interest was received was not fully paid until May 27, 1887, which was within two years preceding the bringing of the suit. The bank takes the position that the statute of limitations has run against the recovery of the penalty for the taking of the usurious sum of $88, while the plaintiff below contends that the limitation of two years within which suit may be brought against a national bank for taking usurious interest begins to run from the pay-. ment of the note on which such interest is reserved. The question presented involves the true interpretation of the proviso clause of section 5198 of the Revised Statutes of the United States. The section declares that "the tak-.

ing, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; *Provided,* Such action is commenced within two years from the time the usurious transaction occurred."

What is meant by the phrase " from the time the usurious transaction occurred," in the connection in which it is used in the section? Clearly it does not refer to the time the usurious contract is entered into, for the section gives the borrower no right of action to recover a penalty where unlawful interest is stipulated for and not paid. But in such case the loaner merely forfeits the entire interest. Nor is it the payment of the principal sum borrowed which gives the right to sue for the penalty. The actual receipt of the illegal interest is the foundation of the borrower's right to recover the penalty and the actual payment of interest in excess of the legal rate is the "usurious transaction" referred to in the section. The period of limitation begins to run from the time the cause of action accrues. If the interpretation for which plaintiff contends should be adopted, then it would follow that a suit to recover the penalty for taking usurious interest by a national bank cannot be maintained until the loan is fully paid off. Stated differently, one who has paid large sums of money as illegal interest on a loan and is unable to pay the entire debt is not entitled to the benefit of the section. Such was not the intention of congress, nor is it the fair and reasonable import of the language of the section. The right to maintain an action to recover the penalty prescribed by

said section 5198 accrues as soon as any unlawful interest is paid, and the two years' limitation begins to run from the time such payment is made. The following cases support the doctrine : *Shinkle v. First Nat. Bank*, 22 O. St., 516 ; *Hintermister v. Bank*, 64 N. Y., 212; *Stephens v. Monongahela Nat. Bank*, 88 Pa. St., 157; *Brown v. Second Nat. Bank*, 72 Id., 209 ; *Lynch v. Merchants Nat. Bank*, 22 W. Va., 554; *National· Bank of Rahway v. Carpenter*, 52 N. J. L., 165; *Stout v. Ennis Nat. Bank*, 8 S. W. Rep. [Tex.], 808 ; *Henderson Nat. Bank v. Alves*, 15 S. W. Rep. [Ky.], 132.

In *Lynch v. Merchants Nat. Bank, supra*, the court in considering the identical question herein involved, after citing and quoting from numerous decisions from the courts of different states, in the opinion say : " If these cases do not expressly decide that the right of action for the prescribed penalty accrues at the instant any excessive interest is paid, whether it be on the original discount or at any subsequent renewal, and that each payment is in itself a cause of action against which the limitation commences to run, they so clearly indicate that such is the proper construction of the statute as to leave no doubt on the question. I have been unable to find any authority or precedent to the contrary. And as to the construction indicated, if not established by these cases, is in consonance with the letter and spirit of. the statute as well as in accord with the evident reason and policy of congress in enacting it, I feel no hesitation in adopting it. Each payment of illegal interest must be regarded as a ' transaction ' within the intent of the statute, and when such payment is actually made or occurs, the two years' limitation commences to run as to that payment from that time, and so on for each successive payment on renewals of the same loan; and if, when the action is commenced for the penalty, any one or more of such payments of illegal interest occurred more than two years prior thereto, no recovery can be had for it, although the original loan be then unpaid."

Both upon reason and authority we are satisfied that the action to recover the penalty for receiving the $88 illegal interest is barred, since the same was taken more than two years before this suit was brought. Doubtless the limitation does not commence to run until the usurious loan is paid off, in a case where payments are made to a national bank on such a loan, and there is no agreement or understanding that the same is to be applied in discharge of usurious interest agreed to be paid for the use of the money, for in such a case the law will apply the payments on the principal, and not on the usurious interest; hence there would be no usurious transaction until the sum borrowed had been re-paid. The judgment is

AFFIRMED.

THE other judges concur.