66 257<br>66 257

NICK ENDRES and Another v. FIRST NATIONAL BANK OF BRECKEN-RIDGE.[1]

November 20, 1896.

Nos. 10,133—(74).

**State Court—Jurisdiction—National Bank—Usury.**
    The state courts have jurisdiction in actions brought against national banking associations to recover the penalty prescribed in Rev. St. U. S. § 5198, for knowingly taking, receiving, reserving, or charging a rate of interest greater than that allowed by the laws of the state in which such an association is located.

**Same—Complaint Sustained.**
    *Held*, in an action brought to recover such penalty, that a cause of action was stated in the complaint.

Appeal by defendant from an order of the district court for Wilkin county, C. L. Brown, J., overruling a demurrer to the complaint. Affirmed.

*Ezra G. Valentine* and *Lyman B. Everdell*, for appellant.
*H. A. Tripp*, for respondents.

COLLINS, J. Rev. St. U. S. § 5197 (one of the provisions of the national banking act) prohibits the taking, receiving, reserving, or charging by national banking associations a rate of interest in excess of that allowed by the laws of the state, territory, or district wherein such association is located; while section 5198 provides that the taking, receiving, reserving, or charging a rate of interest greater than that allowed by section 5197, "when knowingly done," shall be deemed

[1] Reported in 68 N. W. 1092.

66 M.—17

a ·forfeiture of the entire interest which any evidence of debt carries with it, or which has been agreed upon to be paid; and, further, "in case the greater rate of interest has been paid, the person by whom it has been paid * * * may recover back * * * twice the amount of the interest thus paid. * * *"

This was an action, brought in the county in which defendant banking association is located, to recover from it the penalty provided by the language just quoted, and defendant appeals from an order overruling its demurrer to the complaint.

The first ground of demurrer is that the court had no jurisdiction of the subject-matter of the action. It is conceded that the last paragraph of section 5198 authorized the court in question to take cognizance of an action of this nature, its jurisdiction over the subject-matter being concurrent with that of the federal courts. For a short time the state courts were deprived of this jurisdiction, but it was again conferred by an amendment of section 5198 in 1875 (18 Stat. 316, 320, c. 80), which amendment has been incorporated, in brackets, into section 5198, as the same appears in the second edition of the Revised Statutes; and, if it has not been repealed or modified by subsequent legislation, the demurrer on this particular ground could easily be disposed of on the authority of First Nat. Bank v. Morgan, 132 U. S. 141, 10 Sup. Ct. 37. But counsel for appellant urge that the effect of the act of July 12, 1882 (1 Supp. Rev. U. S. c. 290, § 4, p. 354), operated as a repeal of the amendment of 1875, took away from the state courts jurisdiction of cases of this nature, and left the judiciary act of 1789 in force, by which exclusive jurisdiction in all actions for penalties and forfeitures under the federal laws was conferred upon the United States district courts.

The act of 1882 makes the jurisdiction of the state courts in actions against national banking associations "the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business where such national banking association may be doing business when such suits may be begun"; all inconsistent laws being expressly repealed. The salient point in counsel's argument is that the state courts have been deprived of jurisdiction by the phrase "not other than," in the above enactment, because no law of the United States has conferred upon any state court jurisdiction in actions

against state banks for any penalty or forfeiture under the laws of the United States. Or, to use counsel's words, "the jurisdiction of the state courts in actions against national banks is measured by their jurisdiction in actions against state banks"; meaning, we suppose, that if congress has not, by express enactment, conferred jurisdiction of the subject-matter involved in an action against a state bank upon the state courts (that is, jurisdiction in actions against state banks to recover a penalty or forfeiture arising under a federal law), such courts have no jurisdiction of the same subject-matter when involved in an action against a national bank.

In view of the policy always manifested by congress when legislating in reference to the jurisdiction of state courts in all matters concerning national banking associations, as indicated by the original act, the prompt amendment in 1875, when it was discovered that an omission had occurred in the revision of the statutes, and the incorporation in 1888 (1 Supp. Rev. St. c. 866, p. 614) of a section (4) which provides that all national banking associations shall, for the purposes of all actions by or against them, at law or in equity, be deemed citizens of the states in which they are respectively located, nothing but plain and unequivocal language could induce us to hold that the effect of the statute of 1882 was to deprive the state courts of a jurisdiction theretofore conferred upon them. It seems reasonable to suppose that, if the intention was to take away the jurisdiction then existing over the person as well as the subject-matter, such intention would have been unmistakably expressed, not left in doubt and uncertainty, to be determined by the construction of language concerning which courts might differ when an attempt was made to construe it as contended for by appellant's counsel.

We think, taking into consideration the 1864 legislation, re-enacted in 1875, that the scope and purpose of the act of 1882 are unmistakable. By the terms of section 5198, supra, an action against a banking association to recover excessive interest paid had to be brought in a state court within the county or city within which the association was located,—a rule as to venue prevailing everywhere, no matter what the local or state legislation as to place of trial might be. It is not unlikely that the lawmakers had this in view when using the phrase, "shall be the same as, and not other than," in the act of 1882. Quite certain it is that there is nothing in the expression that indi-

cates an intention to restrict or curtail the powers or jurisdiction of state courts. To the contrary, it is manifest that the desire and intention was to put banking associations upon an equality in every respect with other parties to litigation in the state courts. We are confirmed in this view by what has been said in the federal courts.

In Price v. Abbott, 17 Fed. 506, the court said, when discussing the statute last referred to, that its only purpose is to leave suits brought against national banks—except suits between them and the United States—to the jurisdiction of the state courts, unless the domicile of the parties is such as to give the federal courts concurrent jurisdiction. And in the case of Hendee v. Connecticut & P. R. Co., 26 Fed. 677, it was said that the purpose of the act of 1882 appeared to be to put national banks, as such, in the same situation as state banks, for the purpose of suing and being sued. Again, in the case of Leather M. Bank v. Cooper, 120 U. S. 778, 7 Sup. Ct. 777, it was remarked that by the 1882 legislation it was intended to put national banks on the same footing as the banks of the state where they are located, and that, as long as the act was in force, nothing in the way of jurisdiction could be claimed by a national bank because of the source of its incorporation, and, further, that such a bank was by that statute placed before the law, in respect to jurisdiction, in the same position as a bank not organized under the laws of the United States.

We have been referred by counsel to Schuyler Nat. Bank v. Bollong, 150 U. S. 85, 14 Sup. Ct. 26, which was an action brought in Nebraska, in a state court, to recover the penalties imposed by section 5198, supra, incurred after the passage of the act of July 12, 1882. The question was raised in the state courts as to their jurisdiction over the subject-matter, and disposed of adversely to defendant bank, the case being twice in the supreme court. 24 Neb. 821, 40 N. W. 413, and 32 Neb. 70, 48 N. W. 826. When it reached the supreme court of the United States the question of want of jurisdiction was abandoned, but in passing upon other matters it was said, "It is true that the jurisdiction of the trial court was objected to, but that was on the confessedly untenable ground that the courts of the United States had exclusive jurisdiction in this class of cases, and, therefore, that the state courts had no jurisdiction over the subject-matter." [2] While this

[2] 150 U. S. at page 90.

remark was obiter, we have no doubt that it was made advisedly, and with the act of 1882 in mind. It clearly indicates what construction the supreme court would put upon the language used in that act. In 16 Am. & Eng. Enc. Law, 177, it is stated that it is generally maintained that state courts have jurisdiction in this class of actions, a large number of cases being cited. On examining the authorities collected, we find that nearly all originated prior to the passage of the 1882 statute, and in none is the language relied on by defendant in this action commented upon. For that reason this opinion has treated the subject quite at length.

The second ground of demurrer is that the complaint fails to state facts sufficient to constitute a cause of action. The allegations in the complaint were positive,—that certain specified sums of money were paid by plaintiffs to defendant bank, as interest upon other specified sums of money, in excess of and in addition to the highest legal rate of interest allowed by the laws of the state of Minnesota, where defendant bank is located, for the loan or forbearance of money, and that such excessive interest was knowingly received and retained by the defendant. It thus alleged, in a direct and concise manner, that plaintiffs had paid, and defendant had knowingly received and retained, a rate of interest greater than that allowed by the laws of this state, in which the defendant bank was located, specifying the excessive sums. We must give to the allegation in respect to the payment of interest the interpretation which the words used will naturally bear, which is that the payment was in pursuance of a prior contract for the future use of money, and as interest for such future use, not as a payment of interest for the past use of money. In the case of Daniels v. Wilson, 21 Minn. 530, it was held that from the pleadings and evidence it was plain that the only contract entered into was a contract to pay interest for the past use of money, and hence not usurious, within the meaning of our statute. Construing the language in the complaint herein in its ordinary sense, no such conclusion can be reached. The complaint was sufficient.

Order affirmed.