RANKIN v. HEROD.

(Circuit Court, S. D. New York. May 12, 1904.)

1. NATIONAL BANKS—ACTIONS BY RECEIVER—JURISDICTION.
   Act Cong. March 3, 1875, c. 137, 18 Stat. 470, provides that the United
   States Circuit Courts shall have jurisdiction of suits in equity, where the
   matter in dispute exceeds $500, arising under the Constitution or laws
   of the United States. By Act March 3, 1887, c. 373, 24 Stat. 552 [U. S.
   Comp. St. 1901, p. 514], the limit of jurisdiction was raised to $2,000; but
   the act provided that such section should not be held to affect the juris-
   diction of the courts of the United States in cases commenced by direc-
   tion of any officer thereof, or cases for winding up the affairs of any na-
   tional bank. Held, that the word "section," as used in the act of 1887,
   should be construed to refer to the entire act, and therefore such act did
   not deprive United States Circuit Courts of jurisdiction of a suit in equity
   brought by a receiver of a national bank, where the amount involved ex-
   ceeded $500, of which the court had jurisdiction under the former act.

Carter, Hughes, Rounds & Schurman (William Alden Smith and
Taggart, Denison & Wilson, of counsel), for complainant.
Charles H. Sherrill (Herod & Herod, of counsel), for defendant.

HOLT, District Judge. As the amount demanded in the complaint
is less than $2,000, this court has no jurisdiction under the general pro-
visions of the act of March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp.
St. 1901, p. 514], conferring jurisdiction in cases where the matter in
dispute exceeds $2,000, arising under the Constitution or laws of the
United States, or in which there shall be a controversy between citizens
of different states. By the original national bank act and the Revised
Statutes, a receiver of a national bank has, and has always had, author-
ity to sue in an action at common law in the United States Circuit Court,
without regard to the amount involved, on the ground that he is an
officer of the United States. Rev. St. U. S. § 629, subd. 3 [U. S. Comp.
St. 1901, p. 503]. The United States Circuit Court had originally
jurisdiction of suits in equity brought by a receiver of a national bank,
under Rev. St. U. S. § 629, subd. 10 [U. S. Comp. St. 1901, p. 505].
Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476. By the act of March
3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508], the United
States Circuit Courts were given jurisdiction of suits in equity where
the matter in dispute exceeded $500, arising under the Constitution or
laws of the United States. A suit brought by a receiver of a national
bank is such a suit, and more than $500 is involved in this case. This
suit therefore may be maintained under the act of March 3, 1875, un-
less its provisions have subsequently been repealed. The act of July
12, 1882, c. 290, 22 Stat. 162 [U. S. Comp. St. 1901, p. 3457], provided
that the jurisdiction for suits thereafter brought by or against national
banks should be the same as, and not other than, the jurisdiction for
suits by or against banks not organized under any law of the United
States; but this provision, in my opinion, did not repeal the existing
law authorizing suits by receivers of national banks to be brought.

¶ 1. Actions by and against receivers and agents of national banks, see note
to McCartney v. Earle, 53 C. C. A. 398.

Hendee v. Connecticut & P. R. R. Co. (C. C.) 26 Fed. 677. The act of March 3, 1887, raised the limit of jurisdiction in suits arising under the Constitution or laws of the United States from $500 to $2,000. This, standing alone, would deprive this court of jurisdiction in this case; but the fourth section of that act provides that national banking associations shall be deemed citizens of the state in which they are located, and that the United States courts shall not have jurisdiction over them, other than such as they would have in cases between individual citizens of the same state, and then adds:

"The provisions of this section shall not be held to affect the jurisdiction of the courts of the United States in cases commenced by the United States, or by direction of any officer thereof, or cases for winding up the affairs of any such bank." 24 Stat. 554, c. 373 [U. S. Comp. St. 1901, p. 514].

I think that the word "section" should be construed to refer to the entire act, and that this court, therefore, under this provision, still has jurisdiction of a suit in equity brought by a receiver of a national bank, if the amount involved exceeds $500, under the act of March 3, 1875.

The other ground of demurrer alleged—that two causes of action are improperly joined in the complaint—has not been discussed in the defendant's brief or on the oral argument, and appears to be abandoned. In any event, I think it is untenable.

My conclusion is that the demurrer should be overruled, with leave to the defendant to answer within 20 days upon payment of costs.