## FIRST NAT. BANK OF MILL CREEK v. ELLIS.

No. 745.   Opinion Filed January 10, 1911.

1. **PROCESS—Summons—Return by Deputy Sheriff.** A return to a summons made by a deputy sheriff in his own name is not void, so as to require the reversal of a judgment, but is amendable.

2. **USURY—Pleading—Sufficiency of Petition.** A petition filed for the purpose of recovering alleged usurious interest by the party contracting for the payment of the same, should allege that the interest had been paid and that the taking and receiving of the same was knowingly done, and where these averments are lacking, it is error to overrule a general demurrer thereto.

(Syllabus by the Court.)

*Error from Johnston County Court; Nick Wolfe, Judge.*

Action by H. A. Ellis against the First National Bank of Mill Creek. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*S. C. Treadwell* and *John T. Young,* for plaintiff in error.

DUNN, C. J.   This case presents error from the county court of Johnston county.   December 17, 1907, H. A. Ellis, defendant in error, as plaintiff, filed his petition in that court and caused a summons to be issued thereon.   A special appearance was made and a motion filed to quash the summons and the return thereof, on several different grounds; the only serious one, however, being that the return was signed by the deputy sheriff who served it without the addition of the name of the sheriff.   In

other words, the return was made by the deputy in his own name, instead of in the name of the sheriff. The court, on considering this objection, overruled it, and this is one of the grounds upon which reversal of the judgment rendered is urged. The statute specifies no form for the return on a summons and the decisions of the courts do not present a harmonious front on this proposition, some of the courts holding that the return is void and no evidence whatsoever of service, while others hold that such a return is valid; but all agree that it is subject to amendment, and notwithstanding the fact that the original return is made in the name of the deputy, still, when the sufficiency thereof is challenged, that he may then supply by amendment the name of his principal. Alderson on Judicial Writs and Process, sec. 192. Among the purposes and objects to be attained by a summons is the investment of a court with jurisdiction over the person served and to acquaint him with the fact that there is an action pending against him in a certain court, its character and nature, and generally the judgment which will be taken against him should he make default, and we confess that we are unable to see much substance in a special appearance made by a defendant who enters court in response to such a writ, thereby showing that at least he has had notice, and challenges the jurisdiction of the court solely on the ground that the proof which has been tendered of his service is not equal to the mandate of the law. The end sought to be attained is accomplished by the service of the writ, and the return made is merely the evidence thereof. It appears to us that, in the absence of any statute fixing the form of return, or of any showing of prejudice to the defendant or party served, a return made by a deputy sheriff in his own name on a summons would not be void, so as to require the reversal of a judgment, but that, if it were otherwise, it would be subject to amendment. A number of courts where this question has been presented have so held. *De Villers v. Ford et al.,* 2 S. C. Law, 144; *Miller v. Alexander et al.,* 13 Tex. 497; *Eastman v. Curtis,* 4 Vt. 616; *Kelley v. Harrison,* 69 Miss. 856; *Bean, etc., v. Haffendorfer*

*Bros.,* 84 Ky. 685; *Wheeler v. Wilkins,* 19 Mich. 78; *Calender v. Olcott,* 1 Mich. 344; *Allen v. Hazen,* 26 Mich. 142; *Stoll et al. v. Padley et al.,* 98 Mich. 13; 18 Ency. P. & P., p. 912.

The foregoing authorities hold that a return made by a deputy or under-sheriff in his own name, and not in the name of his principal, is valid, and in the consideration of this question the Supreme Court of Michigan, in the case of *Calender v. Olcott, supra,* in the syllabus said that "were it otherwise, when the writ appears from the return to have been served by a proper officer, the return is amendable, and a judgment will not be reversed by reason of the defect."

The questions which are raised by the demurrer filed to the petition, however, are fatal to the judgment rendered. The action is one brought by the defendant in error to recover of and from the plaintiff in error certain interest which from the petition it appears was contracted to be paid by the plaintiff and to be received by the defendant, but there is no allegation in the petition that plaintiff had paid the interest which he seeks to recover. This is an essential averment. 22 Ency. P. & P. 493; *Endres et al. v. First Nat. Bank,* 66 Minn. 257, 68 N. W. 1092; *First Nat. Bank v. Smith,* 36 Neb. 199. It is manifest that if he has not paid it, he ought not be permitted to take judgment for it.

Another objection is that the petition filed herein contains no averment that the act of contracting for the usurious interest was knowingly done. This likewise is an essential averment of the petition. The Supreme Court of Nebraska, in the case of *Schuyler Nat. Bank v. Bollong,* 24 Neb. 821, speaking through Mr. Justice Maxwell, and referring to a petition in an action of this character, said:

"There is no statement in the petition that the bank knowingly contracted for and received a greater rate of interest than is allowed by law, nor are there other words which are equivalent thereto. The right to recover is made to depend upon this condition, and this court has no right to waive the making of such allegation."

And in discussing this same proposition the Court of Appeals

of Kentucky, in the case of *Henderson Nat. Bank v. Alves*, etc., 91 Ky. 142, said:

"But the statute makes a banking association liable for the penalty sued for in this action only where 'the taking, receiving, reserving or charging a rate of interest greater than is allowed,' thereby be *knowingly done;* and as the petition does not contain this allegation, which we regard indispensable, the general demurrer ought to have been sustained for that reason. It, however, appears the cashier of the bank stated as a witness, and the court found as a fact, trial by jury having been waived, that the excess of interest was taken and received by appellee knowingly. But we think the defect of the petition was not cured thereby, because, in absence of the allegation mentioned, there was no cause of action stated, and a general demurrer having been filed, no judgment could be properly rendered without amending the petition."

See, also, 22 Ency. P. & P. 495, and cases cited under note 1; also discussion in case of *Covington v. Fisher,* 22 Okla. 207.

It therefore follows that the judgment of the trial court must be reversed, and the cause remanded to the county court of Johnston county for further proceedings consistent with this opinion.

KANE, HAYES, and TURNER, JJ., concur; WILLIAMS, J., dissents in part.