## OKLAHOMA STATE BANK OF ALTUS et al. v. CURZEN.

No. 6283. Opinion Filed April 5, 1916.

(156 Pac. 1191.)

USURY—Remedies—Recovery of Interest Paid. A petition filed for the purpose of recovering alleged usurious interest, under section 1005, Rev. Laws 1910, by the party contracting for the payment of the same, should allege that the interest had been paid; and. where this averment is lacking, it is error to overrule a. demurrer thereto.

(Syllabus by Rittenhouse, C.)

Error from County Court, Jackson County; J. M. Williams, Judge.

Action by F. Curzen against the Oklahoma State Bank of Altus and another. Judgment for plaintiff, and defendant Oklahoma State Bank brings error. Reversed and remanded.

Everett Petry, for plaintiff in error.

M. L. Hankins, for defendant in error.

Opinion by RITTENHOUSE, C. This action was brought under the first subdivision of section 1005, Rev. Laws 1910, to recover double the amount of interest reserved and charged on a loan of $400. It is not contended that any part of the amount attempted to be recovered has ever been paid; but, on the other hand, it is admitted that the partial payments made were to be applied upon the principal, and that there is yet due a portion of such principal, independent of the interest reserved and charged.

A demurrer was filed to this petition on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court, and in this there was error. Section 1005, *supra,* contemplates that, before an action in the nature of an action of debt can be maintained, the person by whom the interest has been paid, or his legal representative, may recover from the person, firm, or corporation taking or receiving the same twice the amount of the interest so paid, and no cause of action can be maintained under said section until there has been an actual payment of the interest by the borrower, thus creating the new relation of debtor and creditor between the parties. The only remedy that plaintiff would have under said section, where a greater rate of interest than is allowed by law has been reserved or charged but not paid, would be in the nature of an offset in an action on the debt. The remedy afforded to borrowers by this section is exclusive; no other form of procedure can be invoked. This statute, which gives the right, prescribes the only redress.

The sole question necessary for the determination of this case has been decided adversely to the holding of the

trial court in the case of *First Nat. Bank v. Ellis*, 27 Okla. 699, 114 Pac. 620, Ann. Cas. 1912C, 687, and *First Nat. Bank v. Landis*, 27 Okla. 710, 113 Pac. 718. In each of these cases it was held that a petition which does not allege that the plaintiff paid the interest which is attempted to be recovered is insufficient upon which to predicate an action under section 1005, *supra*. In the first case cited, the court, in discussing the question, said:

"The questions which are raised by the demurrer filed to the petition, however, are fatal to the judgment rendered. The action is one brought by the defendant in error to recover of and from the plaintiff in error certain interest which from the petition it appears was contracted to be paid by the plaintiff and to be received by the defendant, but there is no allegation in the petition that plaintiff had paid the interest which he seeks to recover. This is an essential averment. 23 Ency. P. & P. 493; *Endres et al. v. First Nat. Bank*, 66 Minn. 257, 68 N. W. 1092; *First Nat. Bank v. Smith*, 36 Neb. 199 [54 N. W. 254]. It is manifest that, if he has not paid it, he ought not be permitted to take judgment for it."

This court, in the case of *Miller et ux. v. Oklahoma State Bank of Altus, Okla.*, 53 Okla. 616, 157 Pac. 767, discusses the question here involved and recognizes the principle that, in a suit on a note on which usurious interest has been charged and not collected, the plaintiff's demand may be reduced under the first subdivision of the section, and where usurious interest has been paid a different rule applies, and that in such case the debtor must bring a separate and independent action to recover double the interest paid; and this question is discussed at length in that opinion.

The judgment should therefore be reversed, and the cause remanded.

By the Court: It is so ordered.